UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEA'SHAWN HARRISON,

        Plaintiff,                          Case No. 2:26-cv-10032

v.                                     Honorable Susan K. DeClercq
                                         United States District Judge

DONALD TRUMP, et al.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT *SUA SPONTE* (ECF No. 1)**

In this case, Plaintiff Dea'Shawn Harrison, proceeding *pro se*, is suing President Donald Trump, United States Attorney General Pam Bondi, and South Carolina Attorney General Alan Wilson, alleging that they are responsible for his allegedly wrongful incarceration. ECF No. 1. Harrison also applied to proceed *in forma pauperis*. ECF No. 2. The application supports his claim of poverty, so it will be granted. However, as explained below, his complaint will be dismissed for lack of jurisdiction.

## I. BACKGROUND

On January 6, 2026, Harrison's filed a short and unclear complaint that appears to challenge his incarceration from November 2022 to September 2024. ECF No. 1. He claims that he "was coerced in a contract/binding agreement within the

arresting agencies of the United States." *Id.* at PageID.5. The rest of his complaint

provides as follows:

> I have suffered from mental health while incarcerated[d] (as well as
> assaults). I have lost a lot of money and lost [] family who is now
> deceased due to my incarceration under coerced contracts. It has taken
> me a very longtime to get over with due to the fact that I could not be
> there to comfort them to the other side. I wish to get a the following
> to/per enumeration: I. Immunity from criminal coercion contract[; and]
> II. $500 (five hundred)) per day of the coercion, which is November 22,
> 2022 to September 5, 2024.

*Id.* at PageID.6. Harrison asserts that this Court has jurisdiction because he presents

a federal question, and points to the Thirteenth Amendment to the United States

Constitution, U.S. CONST. Am. XIII; the Investments Advisers Act of 1940 (IAA),

15 U.S.C. § 806 *et seq.*; and "Liability for Breach of Fiduciary Duties," 29 U.S.C. §

1109, under the Employee Retirement Income Security Act (ERISA). *Id.* at

PageID.4.

## II. LEGAL STANDARD

Because Harrison proceeds *in forma pauperis*, his claims must be reviewed

under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v.

Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by

Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-

prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any

claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition to the § 1915(e)(2) screening process, district courts "must dismiss" any action over which it lacks subject-matter jurisdiction. FED. R. CIV. PR. 12(h)(3); *see also Lee v. Taylor*, No. 1:22-CV-354, 2022 WL 4007609, at *2 (S.D. Ohio Sept. 2, 2022) (noting that although "28 U.S.C. § 1915(e)(2)[] does not expressing include reference to screening for subject matter jurisdiction," its exclusion from § 1915 is "largely irrelevant as a practical matter because federal courts have an ongoing duty to consider their subject matter jurisdiction and may raise the issue *sua sponte*"); *Groulx v. Zwadski*, 635 F. Supp. 3d 574, 576 (E.D. Mich. 2022) ("Frivolity includes lack of jurisdiction and lack of standing." (cleaned up)).

Harrison also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Harrison is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant[s] fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

Construed liberally, Harrison's complaint appears to challenge his incarceration from 2022 to 2024. *See* ECF No. 1. But none of the bases he provides for jurisdiction in any way pertain to or provide relief for the claims he asserts. Therefore, this Court must dismiss the complaint.

Federal courts have limited jurisdiction, and the burden of establishing that they have jurisdiction rests upon the plaintiff. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish federal jurisdiction, a plaintiff must demonstrate that there is a federal question at issue or that there is complete diversity of citizenship with an amount in controversy exceeding $75,000. *See* 28 U.S.C. §§ 1331; 1332; *see also Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). "Federal question jurisdiction under 28 U.S.C. § 1331 is proper 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007).

Here, Harrison argues that his incarceration occurred because of a "coerced contract." ECF No. 1 at PageID.4. But the jurisdictional bases he enumerates for this

claim contain no causes of action for disputes about incarceration or coercive contracts. Indeed, the Thirteenth Amendment to the United States Constitution formally abolished slavery, *see* U.S. CONST. Am. XIII; the IAA regulates investment adviser conduct, *see* 15 U.S.C. § 806 *et seq.*; and ERISA governs employee benefit plans, *see* 29 U.S.C. § 1001, *et seq.* In this sense, Harrison has not presented a federal question "on the face of [his] complaint." *See Chase Manhattan Mortg. Corp*, 507 F.3d at 914.

And although Harrison alleges an amount in controversy exceeding $75,000, he has not clarified how there is a diversity of citizenship between himself and the Defendants. *See* 28 U.S.C. § 1332. But even if he had shown diversity of citizenship, Harrison also lacks standing to challenge his former incarceration.

"Standing is a 'jurisdictional' matter, and a lack of standing deprives a court of subject matter jurisdiction." *Garland v. Wells Fargo Home Mtg. Inc.*, 303 F. Supp. 3d 554, 559 (E.D. Mich. 2018). Proper standing requires "(1) an injury in fact that is (2) fairly traceable to the challenged conduct of the defendant and is (3) likely to be redressed by a favorable judicial decision." *Kitchen v. Whitmer*, 106 F.4th 525, 534 (6th Cir. 2024) (internal quotation marks and citations omitted). An injury in fact "must be 'concrete and particularized' and 'actual or imminent.'" *Garland*, 303 F. Supp. 3d at 559 (citation omitted). "Fairly traceable" means that there is a "causal

connection (causation) between the injury and the conduct giving rise to the claim."

*Id.* (internal quotation marks and citation omitted).

Harrison's complaint does not satisfy these requirements. First and foremost, although incarceration constitutes a concrete injury, that injury still must be "actual or imminent." *See id.*; *see also Kitchen*, 106 F.4th at 535. Unlike the incarcerated plaintiff in *Kitchen v. Whitmer* who had standing to challenge his life-without-parole conviction, Harrison's complaint makes clear that his incarceration ended in 2024. *See Kitchen*, 106 F.4th at 534–35. Thus, Harrison has not shown that he is currently suffering an "actual or imminent" injury. *See Lynch v. Leis*, 382 F.3d 642, 647–48 (6th Cir. 2004) (holding that a formerly detained plaintiff lacked standing to challenge his detention after having already been released from custody on bond because he no longer faced an actual or imminent injury).

Even if Harrison had an actual injury, he has not articulated how Defendants caused him to be coerced into a contract that led to his incarceration. *See Garland*, 303 F. Supp. 3d at 559; *but see Kitchen*, 106 F.4th at 535 (holding that Kitchen's incarceration without the possibility of parole was traceable to the defendants because they "oversee enforcement of Michigan's parole statute"). Nor has Harrison shown how this Court could provide redress under the Thirteenth Amendment, INA, or ERISA. *See Kitchen*, 106 F.4th at 534; *see also* 28 U.S.C. § 2513 (outlining the requirements for seeking monetary damages for an unjust incarceration).

In sum, this Court lacks jurisdiction both because Harrison has not established a proper basis for this Court to exercise jurisdiction and because Harrison lacks standing to bring his claim.[1] *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)( "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*); *see also Garland*, 303 F. Supp. 3d at 559. Accordingly, Harrison's complaint will be dismissed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**; and

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

---

[1] Even if this Court had jurisdiction, Defendants are presumably immune from suits like Harrison's. *See Cassaday v. Trump*, No. 1:25-cv-13075, 2025 WL 2989748, at *3 (E.D. Mich. Oct. 23, 2025) (finding that federal sovereign immunity barred the plaintiff's civil claims for monetary damages against President Trump, Attorney General Pam Bondi, and other federal officers).

- 8 -

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 16, 2026